UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPE COD BASEBALL LEAGUE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CUFFYCO, Inc., <br><br> Defendant. | CIVIL ACTION NO. <br><br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Now Comes, Plaintiff Cape Cod Baseball, League, Inc. ("CCBL") and states the following for its Complaint against the Defendant, CuffyCO, Inc. ("Cuffy's"):

## PARTIES

1. Plaintiff CCBL is a domestic nonprofit corporation with a principal place of business located at 143 Dove Hill Road, North Falmouth, Massachusetts.

2. Defendant Cuffy's is a domestic for-profit corporation with a principal place of business located at 721 Main Street, West Dennis, Massachusetts.

## JURISDICTION AND VENUE

3. This Honorable Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a), and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over CCBL's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

4. Venue is proper here as all parties are located in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

5. CCBL was formed in 1923 as a baseball league consisting of four teams. The CCBL has used the name "Cape Cod Baseball League" since its inception.

6. CCBL currently has 10 teams throughout Cape Cod which play throughout the summer, drawing many of the best young baseball recruits in the world.

7. CCBL's reputation in the baseball world is well-known.  *See*, *e.g.*, *Why is the Cape Cop League so Special?*, Michael Clair, MLB.com, available at https://www.mlb.com/news/cape-cod-league-history-and-importance (accessed 3/2/2022).

8. 140 picks in the 2021 MLB draft (almost 23 percent of all draft picks) played in the CCBL.  Id.

9. Every number one pick in the MLB draft from 2018 through 2021 played in the CCBL.  Id.

10. The CCBL has produced some of the greatest players in MLB history, including Frank Thomas, Chuck Knoblauch, Nomar Garciaparra, Jeff Bagwell, Robin Ventura, Evan Longoria, Kris Bryant, Carlton Fisk, Thurman Munson, Buster Posey, Aaron Judge, Jacoby Ellsbury, Tim Lincecum, Marcus Stroman, and Walker Buehler.  This list is just a small representation of the many MLB players who have played in the CCBL.

11. As a result of this long history of continued excellence, CCBL has built up a significant amount of good will in the baseball community.

12.     For more than thirty (30) years, CCBL has sold various products for the league as a whole, and various products for each of the ten teams in the league, including athletic apparel, baseball hats and more recently, face masks.

13.     In connection with its operations and merchandising, CCBL is the owner of four federal trademarks.

14.     CCBL is the owner of a federal trademark registration, Reg. No. 3882866 issued by the PTO on November 30, 2010, for the standard character mark "CAPE COD BASEBALL LEAGUE" for "athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps."CCBL has claimed ownership of a federal trademark registration, Reg. No. 3969033 issued by the PTO on November 30, 2010, for the standard character mark "CAPE COD BASEBALL" for "athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps", with its new registration for the said mark filed on March 1, 2022.

15.     CCBL maintains an online store where it sells general athletic apparelsuch as the following:



16. CCBL also sells many products through licensed third-party vendors such as prepsportswear.com:



17. Recently, CCBL became aware the Cuffy's, which has several locations throughout Cape Cod, began selling items which infringe on CCBL's trademarks.

18. Specifically, Cuffy's is selling various products which bear the name "Cape Cod Baseball":








19. Some of these items are being resold on secondary markets such as ebay.com as if they were official CCBL merchandise:



20. In 2007, Cuffy's was notified to stop selling merchandise with the CCBL trademarks. After acknowledgement that the CCBL had a valid claim to said trademarks, Cuffy's agreed to stop selling any merchandise with the trademarks and paid a agreed sum to compensate the CCBL. Recently, the CCBL received information that Cuffy's has, once again, been selling various products which bear the name "Cape Cod Baseball" in its stores located on Cape Codsince as early as 2019.

21. On or about February 14, 2022, Plaintiff served notice upon Cuffy's to cease and desist the sale of all trademark merchandise and to contact CCBL's counsel to discuss this matter. No response has been received from Cuffy's as of this date   (SEE ATTACHED EXHIBIT A)

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

22. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

23. Cuffy's use of a confusingly similar imitation of CCBL's trademarks are likely to cause confusion, deception, and mistake by creating the false and misleading impression that CCBL's goods are manufactured or distributed by Cuffy's, or are associated or connected with Cuffy's, or have the sponsorship, endorsement, or approval of CCBL

24. Cuffy's "Cape Cod Baseball" design is confusingly similar to CCBL's federally registered marks in violation of 15 U.S.C. § 1114. CCBL's activities are causing and will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to CCBL's goodwill and reputation, for which CCBL has no adequate remedy at law.

25. Cuffy's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CCBL's marks, causing CCBL irreparable harm.

26. Cuffy's has caused and is likely to continue causing substantial injury to the public and to CCBL, and CCBL is entitled to injunctive relief and to recover Cuffy's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

27. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

28. Cuffy's use of a confusingly similar imitation of CCBL's marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Cuffy's goods are manufactured or distributed by CCBL, or are affiliated, connected, or associated with CCBL, or have the sponsorship, endorsement, or approval of CCBL.

29. Cuffy's has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a).

30. Cuffy's activities have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to CCBL's goodwill and reputation, for which CCBL has no adequate remedy at law. Plaintiff's reputation in the community, specifically in the baseball community, is at risk of significant damage as these statements were made with the purpose and effect of discrediting CCBL in the minds of a considerable and respectable class of the community.

31. Cuffy's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CCBL's marks to the great and irreparable injury of CCBL.

32. Cuffy's conduct has caused, and is likely to continue causing, substantial injury to the public and to CCBL.  CCBL is entitled to injunctive relief and to recover Cuffy's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution)**

33. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

34. For 99 years, CCBL has operated as a renowned baseball league. CCBL's marks are well-known symbol of CCBL and the products which are so designedwerewell known and on sale to the public long before Cuffy's began using their infringing designs or offering their infringing designs for sale.

35. Cuffy's is making use in commerce of the infringing designs, which dilutes and is likely to dilute the distinctiveness of CCBL's marks by eroding the public's exclusive identification of this mark with CCBL, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish CCBL's goods.

36. Cuffy's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CCBL's marks or to cause dilution of the mark to the great and irreparable injury of CCBL.

37. Cuffy's has caused and will continue to cause irreparable injury to CCBL's goodwill and business reputations, and dilution of the distinctiveness and value of CCBL's marks in violation of 15 U.S.C. § 1125(c).  CCBL therefore is entitled to injunctive relief and to Cuffy's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
(Unfair of Deceptive Act or Practice – M.G.L. c. 93A)

38. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

39. Cuffy's has been and is passing off its goods as those of CCBL, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of CCBL's goods, causing a likelihood of confusion as to Cuffy's affiliation, connection, or association with CCBL, and otherwise damaging the public perception of the CCBL and/or its merchandise.

40. Cuffy's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of M.G.L. c. 93A section 11.

41. Cuffy's unauthorized use of a confusingly similar imitation of CCBL's marks has caused and is likely to cause substantial injury to the public and to CCBL.  CCBL is therefore entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE: the Plaintiff, Cape Cod Baseball League, Inc. prays that:

1. Cuffy's and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Cuffy's, or in concert or participation with Cuffy's, and each of them, be enjoined from:

    a. advertising, marketing, promoting, offering for sale, distributing, or selling the infringing designs;

    b. using the infringing designs on or in connection with any of Cuffy's goods;

    c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Cuffy's goods or services that is a copy, reproduction,

      colorable imitation, or simulation of, or confusingly similar to any of CCBL's trademarks, trade dresses, names, or logos;

    d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Cuffy's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by CCBL, or are sponsored or authorized by CCBL, or are in any way connected or related to CCBL;

    e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Cuffy's goods that dilutes or is likely to dilute the distinctiveness of CCBL's trademarks, trade dresses, names, or logos;

    f. passing off, palming off, or assisting in passing off or palming off Cuffy's goods as those of CCBL, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

    g. advertising, promoting, offering for sale, or selling the infringing designs or other similar goods.

2. Cuffy's be ordered to cease offering for sale, marketing, promoting, and selling and to recall all infringing designs, or any other goods bearing the infringing design or any other a confusingly similar imitation of CCBL's marks that are in Cuffy's possession or control;

3. Cuffy's be ordered to deliver up for impoundment and for destruction, all products or other materials in the possession, custody or under the control of Cuffy's that are found to adopt, infringe, or dilute any of CCBL's trademarks or that otherwise unfairly compete

with CCBL and its products;

4. Cuffy's be compelled to account to CCBL for any and all profits derived by Cuffy's from the sale or distribution of the infringing designs.

5. CCBL be awarded all damages caused by the acts forming the basis of this Complaint;

6. Based on Cuffy's knowing and intentional use of a confusingly similar imitation of CCBL's marks, the damages awarded be trebled and the award of Cuffy's profits to CCBL be enhanced as provided for by 15 U.S.C. § 1117(a);

7. Cuffy's be required to pay to CCBL the costs and reasonable attorneys' fees incurred by CCBL in this action pursuant to 15 U.S.C. § 1117(a) and M.G.L. c. 93A;

8. Based on Cuffy's willful and deliberate infringement and/or dilution of CCBL's marks, and to deter such conduct in the future, CCBL be awarded punitive damages;

9. CCBL be awarded prejudgment and post-judgment interest on all monetary awards; and

10. CCBL be granted such other and further relief as the Court may deem just.

## JURY DEMAND

The Plaintiff, Cape Cod Baseball League, Inc., demands a trial by jury on all issues so triable.

Respectfully Submitted,
Cape Cod Baseball League, Inc,
Plaintiff,
By its Attorneys,
Glen Hannington

_____
Glen Hannington, Esq.
Ten Post Office Square-8th Floor
Boston, Massachusetts 02109
BBO# 635925
TEL: 617-725-2828
glenhannington@aol.com

Dated:    March 23, 2022